### DI BLASI v. MAISEL et al.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

JUDGMENT (§ 590*)—RES JUDICATA.

    Plaintiff sued defendant in a former action for work, labor, and services, in which defendants claimed that plaintiff had accepted a check in payment of the claim; but, payment of the check having been stopped by defendants, the court held that their claim of accord and satisfaction was not established. A judgment was rendered for plaintiff for a sum which did not include the amount for which the check was given. *Held,* that such judgment was not res judicata of plaintiff's right to recover on the check.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District..

Action by Antonio Di Blasi against Charles Maisel and another, doing business under the firm name of Charles Maisel & Co. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Hobart S. Bird, of New York City, for appellant.

Steiner & Petersen, of New York City (Jerome Steiner and Joseph H. Kohan, both of New York City, of counsel), for respondents.

SEABURY, J. This action was brought to recover $48.76, the amount of a check drawn by defendants upon their bank in favor of the plaintiff. The defendants stopped payment on the check. The answer pleads denials and res adjudicata.

The only question necessary to be considered upon this appeal is raised by the defendants' claim that the action is barred by a former judgment recovered by the plaintiff against the defendants in the Municipal Court of New York for $146.63. In the former action the plaintiff sued to recover $205.78 for work, labor and services. In that action the defendants claimed that the plaintiff had accepted the check now sued upon in payment of the claim for which he then sued. The court in that action decided adversely to the defendants, and rendered judgment for the plaintiff for $146.63. That judgment has since been paid and satisfied of record.

We have examined carefully the record in the former action, and it appears that the plaintiff's claim in that action did not include and was not in part based upon the check for $48.76, as the defendants now assert. Moreover, the fact that the former judgment did not include the amount for which the check was given appears upon the present trial, where the attorneys for the respective parties gave testimony. It is true that the check was offered in evidence in the former action, and that the defendants in that action claimed that the acceptance of that check constituted an accord and satisfaction. Payment upon the check having been stopped by the defendants, the court in the former action held that the defendants' claim of accord and satisfaction was not established. There is nothing in the pleadings, the bill of particulars, the testimony, or the judgment in the former action to indicate that the plaintiff sued upon and recovered judgment for the sum represented by the check, upon which the present action is predicated. It follows that the court below erred in awarding judgment for the defendants in the present action upon the theory that the former judgment was a bar.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.